## LYNCH *v.* STATE.

Opinion delivered October 19, 1901.

FISH—DAMS.—The erection or maintenance of dams in the waters of this state for the purpose of catching fish is in violation of the act of June 26, 1897, unless the waters are wholly on the premises of the person or persons using such dams.

Appeal from Arkansas Circuit Court.

GEORGE M. CHAPLINE, Judge.

*Petit & Erwin* and *Ratcliffe & Fletcher,* for appellants.

The evidence shows that there was no obstruction to the the free and easy passage of fish.    It was error to allow witnesses Dobbins and Bogy to express their opinions as to the effect of the dam.    24 Ark. 251; 56 Ark. 612; 57 Ark. 387; 67 Ark. 375; 62 Ark. 510; 47 Ark. 497; 59 Ark. 110; 66 Ark. 498, 499.

*G. W. Murphy, Attorney General,* for appellee.

BATTLE, J.    J. W. Lynch and R. E. Lynch were accused of catching fish on the 10th day of March, 1900, in the stream known as Bayou Meto, in Arkansas county, in this state, by means of a dam and fish trap.    The evidence clearly proved that the defendants

constructed and maintained a dam in Bayou Meto, in this state, for the purpose of catching fish, and, by means of a fish trap and the dam, for a long time caught fish in large quantities. One witness testified that he had seen as much as ten thousand pounds of fish taken out of the trap. Defendants attempted to prove that the trap and dam did not obstruct the free and easy passage of the fish in said stream.

The court instructed the jury as follows: Gentlemen of the jury, you are instructed that it is unlawful for any one to build a dam across any of the waters in this state for the purpose of catching fish, and if you should find from the evidence in this cause that the defendant within this county and state, and within one year prior to the finding of the indictment in this cause, did build a dam across the Bayou Meto, and that it is an unnavigable stream, for the purpose of catching fish, you will find them guilty."

The defendants asked, and the court refused to give, an instruction as follows: "You are instructed that, before you can convict the defendants of the offense charged in the indictment, you must first find that the trap and dam, with which the catching of fish is alleged to have been done, so obstructed the stream in which it was placed as to prevent the free and easy passage of the fish in said stream, either ascending or descending said stream, and if you should find that there were sufficient openings in said trap or dam attached, conveniently placed, and sufficiently large and accessible to fish, to permit of their free and easy passage, either ascending or descending, you must acquit the defendants."

The defendants, having been convicted and fined, appealed to this court.

Did the court err in refusing the request of the defendants?

So much of the act under which the defendants were indicted as is applicable to this case is as follows: "That section 3421 of Sandels & Hill's Digest be amended so as to read as follows: 'No person shall be allowed to place, erect, or cause to be placed or erected, or maintained in any of the waters of this state, or in front of the mouth of any stream, slough or bayou, any seine-net, gill-net, trammel-net, set-net, bag-weir, bush-drag, any fish trap or dam, or any other device or obstruction, or by any means to take or catch any fish in the waters of this state. *Provided,* the prohibition of this section shall not apply to waters wholly on the premises belonging to such person or persons using such device or devices." Act June 26, 1897, § 1.

Section 3422 of Sandels & Hill's Digest makes a violation of these provisions of the act a misdemeanor, punishable by fine of not less than $5 nor more than $200.

Under this act, the act quoted, no person has a right to place, erect, or maintain a dam in the waters of this state, to be used in connection with a trap for the purpose of catching fish, except in waters wholly on his own premises.

It is true that an act entitled "An act to amend section 3429 of Sandels & Hill's Digest of the statutes of the state of Arkansas," approved May 8, 1899, reads as follows: "Any person owning or controlling any dam or other obstruction across any river, creek or other water course is required to keep such dam or other obstruction open sufficiently to admit of the free and easy passage of all fish, either ascending or descending such river or other water course, from the 1st day of March until the 1st day of June of each year; *provided,* this section shall not apply to dams constructed for the accommodation of water power for mills or manufactories; *provided,* further, that all persons owning or controlling any dam constructed for the accommodation of water power for mills and manufactories are required to construct and keep open a chute over such dam or obstruction, sufficient for the passage of all fish either ascending or descending such river or water course." Acts 1899, p. 332.

But these acts were amendments of different sections of Sandels & Hill's Digest, and the latter was not intended to repeal the former. Both were intended for the protection of fish; and neither was intended to authorize the erection or maintenance of dams to be used for the purpose of catching fish, and thereby defeat the object both were intended to accomplish.

The erection or maintenance of dams in the waters of this state for the purpose of catching fish is therefore in violation of law, and a misdemeanor, provided the waters are not wholly on the premises of the person using the dam.

The instruction which was asked for and refused should not have been given.

Judgment affirmed.